IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| SANDRA S. BLANKENSHIP, ADMINISTRATOR, ETC., | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:15CV00019 |
| v. | ) ) | **OPINION AND ORDER** |
| QUALITY TRANSPORTATION, LLC, | ) ) ) | By: James P. Jones United States District Judge |
| Defendant. | ) ) | |

*A. Benton Chafin, Jr., and M. Katherine Crabtree, Chafin Law Firm, P.C., Lebanon, Virginia, for Plaintiff; John D. McGavin, Bancroft, McGavin, Horvath & Judkins, P.C., Fairfax, Virginia, for Defendants.*

This civil case arises from an accident involving a tractor-trailer crash, in which the plaintiff's decedent was killed. The plaintiff, as the Administrator of the Estate of Trevor Isaac Blankenship, the deceased, has filed suit against the truck driver's employer, Quality Transportation, LLC, asserting a claim of wrongful death. Jurisdiction exists in this court pursuant to diversity of citizenship and amount in controversy. *See* 28 U.S.C. § 1332(a). The defendant Quality Transportation has moved to dismiss the plaintiff's claim for punitive damages for

failure to state a claim.  *See* Fed. R. Civ. P. 12(b)(6).  The motion has been fully briefed and is ripe for decision.[1]

Because I find that the Complaint asserts a cause of action in which punitive damages may be theoretically recoverable under state law, I will deny the Motion to Dismiss.  In any event, there are sufficient facts alleged to support such a form of relief.

I.

The facts alleged in the Complaint, taken as true solely for purposes of the Motion to Dismiss, are as follows.  On October 2, 2013, truck driver Frank Skeens, an employee of Quality Transportation, was hauling 8,500 gallons of gasoline in a 2012 Columbia Freightliner, an eighteen-wheel tractor trailer, while headed southbound on Interstate 81 through Smyth County, Virginia.  On that same day, the plaintiff's decedent was working as part of a roadway inspection crew on lens replacement operations on Interstate 81.  At the time of the incident, Blankenship was sitting in his pickup truck, which was parked on the right lane of the highway in the southbound direction.  Blankenship's truck was buffered by cushion trucks on either side of him, two in back and one in front.  The cushion trucks had their flashing arrows activated in order to direct approaching southbound traffic to stay

---

[1] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

-2-

Case 1:15-cv-00019-JPJ-PMS   Document 19   Filed 07/17/15   Page 2 of 7   Pageid#: 66

in the left passing lane, and thus bypass the inspection crew. The inspection crew work zone was being operated in accordance with pertinent state laws.

In the days leading up to the incident, Skeens had been driving far in excess of the hours permitted under federal law, with the approval and under the direction of Quality Transportation. Skeens' truck was equipped with a GPS-based tracking system that enabled Quality Transportation to track its speeds, locations, and hours of operation.

As he approached the roadway crew, Skeens was driving beyond the posted speed limit, with no signs of slowing. While passing the two cushion trucks that were parked in front of Blankenship's pickup truck, Skeens lost control of the tractor-trailer and began swerving between the southbound lanes. The tractor-trailer then overturned and slid into Blankenship's truck and the cushion truck parked behind him, causing a violent collision in which all three vehicles exploded. Blankenship and Skeens were killed instantly.

## II.

"A motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint, considered with the assumption that the facts alleged are true." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (internal citation omitted). The Supreme Court has held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth." *Madison v. Acuna*, No. 6:12-cv-00028, 2012 WL 4458510, at *2 (W.D. Va. Aug. 28, 2012).

In particular, defendant Quality Transportation moves to dismiss the claim for punitive damages on the ground that the plaintiff has not alleged sufficient facts to state such a claim. Generally, "'a Rule 12(b)(6) motion is a premature means to attack a request for punitive damages, at least where such damages are theoretically recoverable under the applicable law.'" *Hamilton v. Boddie-Noell Enterprises, Inc.*, No. 2:14CV00051, 2015 WL 751492, at *3 (W.D. Va. Feb. 23, 2015) (quoting *Debord v. Grasham*, No. 1:14CV00039, 2014 WL 3734320, at *1 (W.D. Va. July 28, 2014)). Since punitive damages are categorically available in tort cases such as this brought under Virginia law, dismissal of the punitive damages claim is not warranted at this point in the case.

In any event, the Complaint alleges sufficient facts to support punitive damages under Virginia law. "A claim for punitive damages at common law in a personal injury action must be supported by factual allegations sufficient to establish that the defendant's conduct was willful or wanton." *Woods v. Mendez*, 574 S.E.2d 263, 268 (Va. 2003). Under Virginia law, "[w]illful and wanton

negligence is action undertaken in conscious disregard of another's rights, or with reckless indifference to consequences with the defendant aware, from his knowledge of existing circumstances and conditions, that his conduct probably would cause injury to another." *Id.* This standard is highly fact-intensive, as "[e]ach case raising an issue of willful and wanton negligence must be evaluated on its own facts, and a defendant's entire conduct must be considered in determining whether his actions or omissions present such a question for a jury's determination." *Alfonso v. Robinson*, 514 S.E.2d 615, 618 (Va. 1999).

The Complaint alleges that Quality Transportation authorized Skeen to operate a tractor-trailer for excessive hours in violation of federal law, knowing this would almost certainly result in undue driver fatigue. While driver fatigue is dangerous enough on its own, Quality Transportation allegedly permitted Skeen to haul 8,500 gallons of gasoline, a highly combustible and dangerous material, in his precarious state. Further, Skeens is alleged to have driven the tractor-trailer at excessive rates of speed through a construction zone, causing him to lose control of the vehicle and collide with construction vehicles conspicuously parked in the right-hand lane. These facts are distinguishable from *Madison v. Acuna*, in which a judge of this court found allegations that a truck driver hauling commercial goods negligently crossed the center line insufficient to justify punitive damages, despite the driver's poor driving record. 2012 WL 4458510, at **1, 7.

-5-

Case 1:15-cv-00019-JPJ-PMS   Document 19   Filed 07/17/15   Page 5 of 7   Pageid#: 69

Significant is the fact that Skeens was employed as a professional driver who was presumably aware of the dangers of speeding through a construction zone while hauling a hazardous material. *See Alfonso,* 514 S.E.2d at 619 (finding fact that defendant "was a professional driver who had received specialized safety training warning against the very omissions he made prior to the accident" was a "significant factor" supporting punitive damages).

The Complaint thus alleges multiple facts tending to show that Quality Transportation permitted Skeen's conduct "in conscious disregard of another's rights, or with reckless indifference" to the likelihood that injury would result. *Id.* at 618. The defendant argues that it cannot be held liable for punitive damages because it did not directly ratify or authorize Skeens' conduct. The Complaint's allegations, however, that Quality Transportation was aware of Skeens' driving schedule and authorized him to drive excessive hours are adequate at this stage to support a claim of punitive damages. While the plaintiff may not ultimately have adequate proof of punitive damages, the allegations of the Complaint are sufficient to defeat the Motion to Dismiss.

III.

For these reasons, the Motion to Dismiss (ECF No. 3) is DENIED. It is so **ORDERED.**

                                        ENTER: July 17, 2015

                                        /s/ James P. Jones
                                        United States District Judge